IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ENHANCED AFFORDABLE DEVELOPMENT CO., *d/b/a* AUSTELL VILLAGE APARTMENTS,<br><br>      Plaintiff,<br><br>v.<br><br>KENDRA GEORGE, *and all other occupants*,<br><br>      Defendants. | CIVIL ACTION FILE NO.<br><br>1:18-cv-710-AT-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Kendra George's application for leave to proceed *in forma pauperis* ("IFP") on her notice of removal of a state dispossessory action against Defendants to this Court. [Doc. 1.] After considering George's application, I **GRANT** the request to proceed IFP pursuant to 28 U.S.C. § 1915(a) for the limited purpose of remand. Because this Court does not have subject matter jurisdiction over the removal action, I further **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Cobb County.

In the underlying dispossessory action, filed on December 19, 2017, Plaintiff Enhanced Affordable Development Co., doing business as Austell Village Apartments ("Austell Village"), alleged that it leased property in Cobb County to Defendants, but they failed to pay rent. [Doc. 1-1 at 3-4.] Austell Village demanded possession of the premises, past due rent, along with monthly accruing rent and other costs and fees, all totaling a few thousand dollars.[1] [*Id.*]

In the notice of removal, George argues that the Court has federal question jurisdiction over the action, as Austell Village's conduct allegedly violated the Fair Debt Collection Practices Act and George's due process rights under the Fourteenth Amendment to the United States Constitution. [Doc. 1-1 at 1-2; Doc. 1-2 at 1-2.] Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state dispossessory action containing no federal claim. [Doc. 1-1 at 3-4.] Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539

---

[1] The exact figures are not entirely legible in the dispossessory papers attached; however, it is clear that amount is less than five figures, or $10,000.00. [*See* Doc. 1-1 at 4.]

2

U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Even if George wishes to raise counterclaims based on federal statutes, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

Additionally, it is also clear to the Court that there is no diversity jurisdiction under 28 U.S.C. § 1332(a). First, Austell Village and Defendants are all Georgia citizens. [Doc. 1-1 at 3-4.] They are therefore not diverse for jurisdictional purposes. 28 U.S.C. § 1441(b)(2); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (removing party bears the burden of establishing that the parties are diverse). Second, Austell Village's dispossessory claim against Defendants cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a). *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a

3

monetary sum for purposes of determining the amount in controversy).  Further, the demand for rent and other fees was well below $75,000.  Thus, the amount in controversy in § 1332(a) is not met.  *See* 28 U.S.C. § 1332(a).

In sum, the Court **GRANTS** Defendant George's application for leave to proceed IFP for the limited purpose of remand.  [Doc. 1.]  Because it is clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Cobb County.

IT IS SO ORDERED AND RECOMMENDED this 2nd day of March, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge